COURT OF APPEALS
DECISION
DATED AND FILED

April 5, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1734-CR**

Cir. Ct. No. 2019CM287

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

　PLAINTIFF-RESPONDENT,

V.

KIT R. STILWELL,

　DEFENDANT-APPELLANT.

　　　　　APPEAL from a judgment of the circuit court for Kenosha County: LEE S. DREYFUS, JR., Judge. *Affirmed*.

　　　　　¶1　LAZAR, J.[1]　Kit R. Stilwell appeals from a judgment of conviction entered upon a jury verdict finding him guilty of three counts of bail jumping.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Stilwell argues that his trial was unlawfully scheduled, that the judge presiding over his trial did not have lawful jurisdiction over his case, that his right to a speedy trial under WIS. STAT. § 971.10(1) was violated, that he was improperly issued a citation in lieu of a criminal complaint, and that the no-contact provision he was convicted of violating was invalid. Because this court concludes that none of Stilwell's arguments have merit, the judgment is affirmed.

¶2      In February 2018, Stilwell was charged with battery and disorderly conduct stemming from an incident of domestic abuse. In September of that year, he was on bond not only for that original case but for two additional cases in which he was charged with bail jumping. In each case, Stilwell posted cash and signed his bond, acknowledging that one of his non-monetary conditions of bond was no contact with A.B., the victim[2] of the alleged battery in the original February case.

¶3      On September 24, 2018, Stilwell appeared in court for these three pending cases. In the hallway outside the courtroom, Stilwell motioned to A.B., then stood and spoke with her. Based on this incident, the State charged Stilwell with three counts of bail jumping in March 2019 in a new case, Kenosha County Case No. 2019CM287, which ultimately led to this appeal.

¶4      The record is inordinate in its number of entries for this bail-jumping case. At his initial appearance on March 11, 2019, Stilwell refused to sign the bond but was erroneously released after cash was posted. The circuit court issued a notice of hearing requiring Stilwell to appear in order to sign his bond on

---

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we reference the victim using initials that do not correspond to their actual name.

April 2, 2019. In response to Stilwell's request for adjournment, which the court denied, the court let Stilwell know that he could sign the bond during regular business hours any time prior to the scheduled hearing and that if he did so, the hearing would be removed from the court's calendar. Stilwell did not appear at the hearing or sign the bond at another time, which resulted in the court issuing a bench warrant for his arrest. Stilwell also failed to appear on May 15, 2019 (the original date referenced on his unsigned bond) and on June 3, 2019 (the next date on which a hearing was scheduled). The record reflects dozens of letters and motions from Stilwell (many having to do with what Stilwell characterized as the "unlawful warrants" and governmental/judicial corruption) over the next eighteen months.

¶5     Stilwell was arrested on November 30, 2020. The court ordered a competency evaluation on January 14, 2021. From that date through May 27, 2022—when Stilwell was found incompetent to proceed and sent for inpatient treatment—Stilwell refused to leave his cell to appear in court on at least eight occasions, asked the court for a delay at least once so that his outstanding motions could be heard, and exhibited inappropriate behaviors in court at least three times, provoking three additional competency hearings.[3] Through almost all of this time, Stilwell refused representation by a court-appointed lawyer and acted pro se (as he does on appeal).

---

[3] At a hearing on January 4, 2022, Stilwell continually interrupted the court with combative and off-topic outbursts, accusing it of being "as corrupt as corrupt can be." On March 25, 2022, he made the comment "screw you" to the assistant district attorney on the record. On May 3, 2022, he made an obscene gesture toward the court.

¶6      Finally, on July 21, 2022, the court[4] found Stilwell competent to proceed.  Stilwell rejected a final plea offer, and the court scheduled a jury trial for September 19, 2022.   Stilwell was convicted upon the jury's verdict of three counts of bail jumping, and the court sentenced him to fifteen months in jail (which was already satisfied by credit for time served).  Stilwell appeals, asserting four arguments:  that his trial was not lawfully scheduled pursuant to WIS. STAT. § 969.09(1), that Judge Lee Dreyfus, Jr. lacked "lawful jurisdiction" over his case, that his right to a speedy trial under WIS. STAT. § 971.10 was violated, that he was improperly issued a citation in lieu of a criminal complaint, and that the non-monetary condition of his bond (apparently that he have no contact with the alleged victim of the battery with which he was charged) was invalid.[5]

¶7      Stilwell failed to file a reply to the State's brief citing authority in support of upholding Stilwell's conviction.   Thus, Stilwell concedes his arguments.  *See Apple Hill Farms Dev., LLP v. Price*, 2012 WI App 69, ¶¶14, 15, 19, 342 Wis. 2d 162, 816 N.W.2d 914 (holding that appellant conceded arguments by failing to reply).  Nevertheless, given that "[t]here is an obligation on the part

---

[4] Although the Hon. Bruce Schroeder initially presided over this case and heard many of the motions and hearings therein, the Hon. Jason Rossell presided over this final competency hearing, and the Hon. Lee Dreyfus, Jr. (sitting in reserve) presided over the trial and sentenced Stilwell because Judge Schroeder was on an extended leave.  In fact, after being advised of that circumstance at the May 27, 2022, status conference, Stilwell withdrew his oral request to substitute on Judge Dreyfus.

[5] Stilwell makes other accusations and argumentative statements in his brief's "Statement of Issues" and "Statement of Case" sections, including, for example, that Kenosha County Assistant District Attorney Zachary Brost "never distributed the evidence he planned on submitting to the court at the trial before the trial" and that Judge Schroeder was retaliating against Stilwell for exposing illegal activities of a member of his family.  Stilwell neither cites to the record for these assertions nor develops a legal argument based upon them, so they will not be addressed.  *See State v. Flynn*, 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343 (Ct. App. 1994) (This court need "not decide issues that are not, or inadequately, briefed.").

of a court to make reasonable allowances to protect *pro se* litigants," this court addresses each of Stilwell's arguments in turn. *See DeCecco v. Board of Regents*, 151 Wis. 2d 106, 112, 442 N.W.2d 585 (Ct. App. 1989).

¶8 First, with respect to the scheduling of trials, WIS. STAT. § 969.09 refers to conditions of release on bond and provides that a defendant "admitted to bail" must "appear in the court having jurisdiction on a day certain." WIS. STAT. § 969.09(1). Although Stilwell asserts that a trial for his case "was never scheduled nor ordered by the court" and thus that his trial violated this statute, the record shows that Stilwell was present in court on July 21, 2022—when he was in custody, not released on bond—and given notice that his trial was scheduled for September 19, 2022. The cited statute is thus inapplicable. Nothing in Stilwell's brief or the record supports an argument that the trial in this case was unlawfully set.

¶9 Second, Stilwell asserts that Judge Dreyfus "never had lawful jurisdiction for" his case and that there is no record (or particular form filed) showing that Judge Dreyfus "was ever ordered by the court to be the court official for Kenosha County" in his case. Stilwell cites Supreme Court Rule 60.04, which deals with a judge's responsibility to perform the duties of the office impartially and diligently, but he does not develop any argument that Judge Dreyfus violated the rule in any way. Nor does he provide any authority showing that a particular form must be filed to allow a court to hear a case. On the contrary, WIS. STAT. § 753.03 states that "[t]he circuit courts have the general jurisdiction prescribed for them by article VII of the constitution" to "hear and determine, within their respective circuits, all civil and criminal actions." Nothing in the record suggests that Judge Dreyfus, sitting as a reserve judge during the initial judge's extended

absence, did not lawfully serve as the judge in Stilwell's trial.  *See* WIS. STAT. § 753.075.

¶10  Third, Stilwell claims that his case had to be tried within sixty days after his initial appearance pursuant to WIS. STAT. § 971.10(1), which mandates that "[i]n misdemeanor actions trial shall commence within 60 days from the date of the defendant's initial appearance in court."  Stilwell ignores the part of the same statute that sets forth when a trial may be continued and this deadline extended:  when "the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial."  Sec. 971.10(3).  In addition, pursuant to § 971.10(4), the remedy for a violation of a defendant's right to a speedy trial is a release from custody.

¶11  In this case, Stilwell's initial appearance took place on March 11, 2019.  Stilwell then failed to appear for his subsequent court dates and was subject to an active warrant until November 30, 2020, when he was taken into custody.  Following that, Stilwell was responsible for most, if not all, of the delay in reaching trial; his behavior in court prompted numerous competency evaluations, he refused to leave his cell and appear in court on multiple occasions, and he even requested a delay so that his outstanding motions could be heard.  This makes his case very different from the ***Hadley*** case he cites, in which the defendant requested a speedy trial and objected when the case was adjourned for no articulated reason.  *See **Hadley v. State***, 66 Wis. 2d 350, 353-38, 225 N.W.2d 461 (1975).  There is nothing in Stilwell's brief or in the record[6] that suggests the delay

---

[6] On July 21, 2022, the trial court found that none of the delays were attributable to the State or the court and denied Stilwell's motion to dismiss on speedy trial grounds.

in Stilwell's trial was unreasonable or contrary to law. *See, e.g.*, **State v. Provost**, 2020 WI App 21, ¶¶26-29, 392 Wis. 2d 262, 944 N.W.2d 23 (determining that a thirty-four-month delay primarily to accommodate defendant was not unreasonable and did not violate right to speedy trial).

¶12    Fourth, Stilwell claims that the prosecutor in his case "unlawfully substitute[d] a criminal complaint to a citation, which is contrary to [WIS. STAT. §] 968.085(1)."   The cited statute provides that law enforcement can issue a citation as a directive "that a person appear in court and answer criminal charges" but also states that such a citation "may not be used as a substitute for a criminal complaint."   In Stilwell's case, a criminal complaint was issued with a warrant on March 5, 2019, and was never charged as a citation.   The State suggests that Stilwell's argument may have something to do with plea negotiations that did not lead to resolution of the case, which, as the State rightly notes, are irrelevant to this appeal.   The record shows that Stilwell's allegation regarding lack of a criminal complaint is incorrect.

¶13    Finally, Stilwell attacks the no-contact condition of the bond he was charged with violating, claiming he was not subject to any non-monetary conditions of release when he posted cash bail.   This is untrue.   WISCONSIN STAT. § 969.01(4) states:   "If bail is imposed, it shall be only in the amount found necessary to assure the appearance of the defendant.   Conditions of release, other than monetary conditions, may be imposed for the purpose of protecting members of the community from serious bodily harm or preventing intimidation of witnesses."   In this case, in addition to cash bail, non-monetary terms of bond— including no contact with A.B.—were set in accordance with the law.   *See* WIS. STAT. § 969.02(3)(b) (allowing a judge to place restrictions on the association of a

defendant charged with a misdemeanor during the period of release). Stilwell was convicted by a jury for violating the valid prohibition from contact with A.B.

¶14 Because none of Stilwell's arguments have merit, this court affirms his judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.